## Commonwealth *v.* Matz et al., Appellants.

*Criminal law—Charge of court—Reading wrong statute to jury.*

Where on the trial of an indictment the jury is properly instructed as to the nature of the charge against the prisoner, it is not ground to reverse a judgment on a verdict of guilty that the court read to the jury the wrong section of the statute under which the indictment was drawn.

*Criminal law—Felonious wounding.*

On the trial of an indictment for felonious wounding, under section 81 of the act of March 31, 1860, P. L. 430, it is not error for the court to refuse to charge "that it is incumbent upon the commonwealth to show that the wound is dangerous to life."

Under the act, the length, depth, position or character of the wound is not made a part of the definition of the offence. The intent to commit murder is the felonious element, and the overt act in execution of that intent completes the offence.

Argued April 10, 1894.  Appeal, No. 207, Jan. T., 1894, by defendants, Angelo Matz et al., from judgment of Q. S. Luzerne Co., June T., 1893, No. 38, on verdict of guilty.  Before WIL-LIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Indictment for felonious wounding.  Before LYNCH, J.

The indictment charged that defendants, with a deadly weapon, to wit, a revolver, "did unlawfully and feloniously shoot and wound and cause bodily injury dangerous to life with the intent them, the said Adam Novack, Mike Sharp and Mike Krickel, then and there feloniously, willfully of their malice aforethought to kill and murder, contrary to the form of the act of the General Assembly in such case made and provided."

At the trial the court read to the jury the 82d section of the act of March 31, 1860, intending to read the 81st section, but immediately afterwards said: "The charge is, that the prosecutor was wounded by a shot from a pistol. . . . The first count is a charge of wounding with the intent to commit murder, the wound being dangerous to life."

Defendants' counsel made this request:

"I would like to have the court say that it is incumbent

upon the commonwealth to show that the wound is dangerous to life, and that that element has not been shown in this case affirmatively. *Answer:* The court can go no further than to say, as the court has stated, that if you believe the evidence in this case, that Angelo, with a loaded revolver in his hand, held it close to a vital part, to wit, the head. of Novack, and discharged it at the head, the law presumes that he knew the consequences of his act; it was a dangerous weapon and pointed at a vital part. That all depends, gentlemen of the jury, upon you, as to whether he is the man who did it, and whether you believe he pointed it as testified to." [5]

Verdict, guilty; and defendants were then sentenced.

*Errors assigned* were, among others, (1) mistake of court in reading wrong section of act; (5) instruction, quoting it.

*T. R. Martin, John T. Lenahan* with him, for appellant, cited: Tyrone Co. v. Cross, 128 Pa. 636; Slaymaker v. St. John, 5 Watts, 27; Carpenter v. Mayer, 5 Watts, 484; Kean v. McLaughlin, 2 S. & R. 470; Shaeffer v. Landis, 1 S. & R. 449, Tenbrooke v. Jahke, 77 Pa. 392; Bank v. Denig, 131 Pa. 241; Duncan v. Sherman, 121 Pa. 520.

*John M. Garman,* for appellee, cited: 2 Thompson on Trials, § 2401; Head v. State, 44 Miss. 732; Evans v. State, 44 Miss. 762; Loew v. State, 60 Wis. 559; Ridgway v. Longaker, 18 Pa. 215; Winsor v. Maddock, 64 Pa. 231; Pierce v. Cloud, 42 Pa. 102; Murray v. Com., 79 Pa. 311.

PER CURIAM, April 16, 1894:

The indictment in this case was properly drawn, and the defendant was tried for the offence charged. The mis-recital by the learned judge of the number of the section of the act of 1860 describing the offence did no wrong to the defendant.

We have examined the charge of the court with a special reference to the import of the paragraphs embodied in the assignments of error; and we are unable to see that the defendant has suffered from the manner in which the case was submitted. Counsel for defendant said to the court, during the charge to the jury, "I would like to have the court say that it is incum-

bent upon the commonwealth to show that the wound is dangerous to life, and that element has not been shown in this case affirmatively." The learned judge declined to say that the wound must be shown to be dangerous to life, presumably because the act of 1860 does not say so. What it does say is that if one shall administer poison to, or cause it to be taken by, another, or "shall stab, cut or wound any person " with intention to commit murder, such person shall be guilty of felony. The length, depth, position or character of the wound is not made a part of the definition of the offence. The intent to commit murder is the felonious element, and the overt act in execution of that intent completes the offence. The act goes further and declares that if in any other manner than by poison or cutting, stabbing or wounding one shall inflict any bodily injury upon another dangerous to life in its character, with the like murderous intent, he shall in like manner be guilty of a felony. But in this case a wounding was alleged, with an intent to commit murder, and the dangerous character of the wound inflicted with a deadly weapon in pursuance of an intent to kill need not be shown affirmatively. The fact that the wound was not as severe as the defendant intended will not serve him as a defence.

The assignments are overruled and the judgment is affirmed.