*Criminal law — Sentence — Felonious assault—Mayhem—Same facts, different offenses—Indictment—Act of March 31, 1860, P. L. 403.*

1. Though separate counts of indictment may properly charge the same state of facts as constituting different offenses, yet where the distinct crimes set forth grew out of the same transaction, differing merely in degree, only one penalty can be imposed after conviction, and separate sentences for each offense charged, directing independent punishment to run consecutively, are void as to all except that permissible upon conviction of the most serious charge.

2. Where the first count of an indictment charges felonious assault with intent to murder, under section 81 of the Act of March 31, 1860, P. L. 403, and the second count based on section 83 sets forth the same unlawful acts, averring, however, that the intent was to maim or disfigure or commit the crime of mayhem, the court can not, after imposing a sentence of imprisonment on the first count, impose, under the second count, an additional term of imprisonment to be computed from the expiration of the first sentence.

3. After serving the maximum period of the first term, and paying the fine and costs, or in lieu thereof securing a discharge because of insolvency, the prisoner may be released if no other sentence is pending against him.

Petition for habeas corpus. Miscellaneous Docket of Supreme Court, 1928, Western District, No. A-515.

COMMONWEALTH ex rel. RUSSO *v.* ASHE, Warden. 323

1928.]                          Opinion of the Court.

*John M. DeSilvestro,* for petition.

*Leo H. McKay,* District Attorney, contra.

OPINION BY MR. JUSTICE SADLER, May 21, 1928:

Sam Russo, relator in this habeas corpus proceeding, is confined in the Western Penitentiary by virtue of two commitments issued on October 26, 1921, from the Court of Quarter Sessions of Mercer County. He had entered a plea of nolo contendere to a bill of indictment which contained two counts. In the one a felonious assault with intent to murder was charged under section 81 of the Crimes Act (March 31, 1860, P. L. 403). The second, based on section 83, set forth the same unlawful acts, averring, however, the intent was to maim and disfigure. It may be noted that the latter crime, first made a statutory offense in 1860, was intended to provide punishment where the Commonwealth's evidence failed to disclose the design of defendant to have been the killing of the one attacked, but established the purpose to commit the crime of mayhem, defined in section 80: Report on Penal Code, p. 24. For a similar reason, section 82 (amended May 1, 1876, P. L. 92) had been included in the code to meet the case of an assault with intent to murder, where the testimony did not show the actual infliction of bodily injury.

The court below in the present case imposed a sentence, on the first count of the indictment, of a fine and costs of prosecution, and directed the defendant's imprisonment in the Western Penitentiary for "not less than six years and six months nor more than seven years." On the second count of the bill, charging the same criminal conduct, but averred to have been done with design to commit the lesser offense of mayhem, an additional sentence to the same penal institution was prescribed of "not less than four years and six months, nor more than five years, to be computed from the expiration of sentence for felonious assault to No. 56, Oc-

324 COMMONWEALTH ex rel. RUSSO *v.* ASHE, Warden.

Opinion of the Court. [293 Pa.

tober Sessions, 1921." By virtue of these two commitments, Russo has since been confined.

It is now urged that the cumulative sentence imposed on the second count, charging a crime included within the one first designated, was illegal and should be stricken off. It may be noted in passing that the imposition of the maximum term of five years on count two could not, in any event, be sustained, since section 83, under the terms of which it was framed, fixes the limit at three years: Com. ex rel. Guiramez v. Ashe, 293 Pa. 18; Com. ex rel. Holinko v. Ashe, 290 Pa. 534. In naming the longer period, the court evidently had in mind the maximum time of incarceration permissible upon conviction for mayhem, under section 80. If this were the only objection it would be sustained, and a resentence ordered, but other considerations require that the judgment, based on the second charge, be set aside in its entirety.

Though separate counts of an indictment may properly charge the same state of facts as constituting different offenses (Com. v. Shutte, 130 Pa. 272; Henwood v. Com., 52 Pa. 424), yet where the distinct crimes set forth grow out of the same transaction, differing only in degree, only one penalty can be imposed after conviction, and separate sentences for each offense charged, directing independent punishments to run consecutively are void as to all except that permissible upon conviction of the more serious charge. So a conviction for rape, and assault with intent to ravish, justifies a sentence for the punishment provided for the first named only: Harman v. Com., 12 S. & R. 69. The same rule has been applied where the crimes designated were breaking and entering a dwelling house, as well as entering to commit a felony (Johnston v. Com., 85 Pa. 54; Com. v. Bailey, 92 Pa. Superior Ct. 581), false pretenses and conspiracy to cheat and defraud (Com. ex rel. Holinko v. Ashe, supra), possession of narcotic drugs and sale of the same: Com. ex rel. Ciampoli v. Heston, 292

COMMONWEALTH ex rel. RUSSO *v.* ASHE, Warden. 325

1928.]                    Opinion of the Court.

Pa. 501. In the recent case last cited, where the second sentence, wrongfully imposed on the count charging the included offense, was stricken off, the authorities controlling the present situation were discussed, and need not be further referred to here.

It follows from what has been said that the cumulative sentence, based on the second count of bill No. 56, must be set aside, and that imposed for felonious assault with intent to murder be alone held effective. Under this the minimum, but not the maximum, period named has been served. The fine and costs have not been paid, so far as the pleadings disclose. When the terms of that commitment have been fully complied with, and fine and costs liquidated, or, in case of nonpayment, the inspectors have directed a discharge because of insolvency (Act January 17, 1831, P. L. 12), further detention in the Western Penitentiary will end. Even then the defendant cannot be given his immediate freedom, since he must be surrendered to the proper authorities to serve a second sentence, imposed by the same court after conviction of a distinct and unconnected charge, so far as appears in this record, and set forth in another indictment entered to No. 55 of the same term. In the case referred to, the defendant was directed "to pay a fine of $25 to the Commonwealth, and to undergo imprisonment in the Allegheny County Work House for a period of eleven months and twenty-nine days, said imprisonment to begin at the expiration of the imprisonment ordered at No. 56, October Sessions, 1921." The setting aside of the sentence on count two of the last named indictment does not entitle defendant to discharge on completion of the term for which he is now properly confined in the penitentiary. He must then be delivered to the proper authorities to undergo the further punishment as directed by the order based on the earlier numbered bill.

As above indicated, the facts are fully developed in the pleadings relating to the application, and we have

326 COMMONWEALTH ex rel. RUSSO *v.* ASHE, Warden.

Opinion of the Court. [293 Pa.

treated the case as though the writ had issued and Sam Russo was before us. For the reasons already given, his petition to be discharged on habeas corpus, entered to 515 Miscellaneous Docket, 1928, is dismissed, but the sentence imposed on the second count of the indictment to No. 56 must be stricken off, and respondent may treat the commitments under which he holds the relator as though they had been amended accordingly.