Commonwealth *v.* Berardino, Appellant.

Argued April 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Charles J. Margiotti* and with him *W. M. Gillespie, S. C. Pugliese, Edward Friedman, Edward G. Coll* and *Chas. P. Walter,* for appellant.

*Earl R. Jackson,* assistant district attorney, and with him *Samuel H. Gardner,* district attorney, for appellee.

OPINION BY GAWTHROP, J., July 21, 1930:

Defendant was tried upon a count in an indictment which charged that he did feloniously make an assault upon Louise Finelli, Margaret Berardino and John C. Cancelliere, and feloniously did stab, cut and wound them with intent to murder; this count being drawn under the 81st Section of the Act of March 31, 1860, P. L. 382.

At the trial it appeared by the evidence of the Commonwealth that on the evening of August 26, 1928, the prosecuting witness, Cancelliere, accompanied by his sister, Mrs. Berardino, the wife of defendant, and Mrs. Finelli, was driving an automobile west on Collins Avenue in the City of Pittsburgh, when defendant, approaching from the rear in another car, attempted to crowd the prosecutor's car over an embankment at the left-hand side of the avenue, where there was a drop of fifty feet. At the same time defendant shouted scurrilous epithets to his wife. This action of defendant compelled the prosecutor to stop his car. Defendant also stopped. When the prosecutor started on defendant followed him. When he reached the intersection of Collins Avenue with Hoeveler Street, the prosecutor made a left turn into Hoeveler Street, keeping to the right of a traffic signal at the point of intersection. Defendant, still following, also made a left turn into Hoeveler Street, but

cut to the left of the traffic signal and drove his car into the left side of the prosecutor's car and caused some damage to it. The occupants were not injured. It also appeared that on former occasions defendant had made threats "to get" the prosecutor, and that after the collision he said to his brother-in-law, "you get out of that car and I will kill you and the family too." No evidence in behalf of the defendant was offered; and his motion for a verdict of not guilty was refused. The trial judge instructed the jury that as no injury had been inflicted upon the occupants of the prosecutor's car there could be no conviction of felonious assault and battery, but that there might be a conviction of an attempt to commit that offense if the jury found that the evidence sustained that charge. This procedure is authorized by the 50th Section of the Act of March 31, 1860, P. L. 427. The jury rendered a verdict finding defendant guilty of attempt to commit felonious assault and battery. He was sentenced under that conviction and from that judgment appeals.

The assignments of error filed properly raise for our consideration but two questions, first, whether the evidence was sufficient to justify the verdict; and second, whether the charge was erroneous and insufficient.

We have examined the evidence and agree with the court below that it was sufficient to justify the finding by the jury that defendant attempted to inflict upon the occupants of the prosecutor's car bodily injuries dangerous to life, with intention to commit murder, and that if the attempt had resulted in the death of one or more occupants of that car a conviction of murder would have been warranted by the evidence. Not only were the circumstances under which the collision occurred such as to give rise to a legal implication of malice, but there was evidence to indicate that defendant was actuated by express malice toward two

of the occupants of the other car.   One who wilfully drives an automobile on the public streets in a manner which involves a reckless disregard for the safety of other persons lawfully using the streets, and by so doing causes the death of another, is guilty of felonious homicide:   Com. v. Coccodralli, 74 Pa. Superior Ct. 324, citing State v. Campbell, 82 Conn. 672.

Our examination of the charge of the court with special reference to the complaints embodied in the assignments of error as to it has convinced us that it is free from reversible error.

The complaint urged in the first assignment is that it was error to fail to charge that in order to convict defendant of an attempt to commit felonious assault and battery the jury must find that there was an attempt to cause bodily injury dangerous to life.   It is sufficient answer to this contention to state that in Com. v. Matz, 161 Pa. 207, a prosecution for felonious assault and battery, the Supreme Court approved of the declination of the trial judge to charge that it was incumbent upon the Commonwealth to show that the wound was dangerous to life, in the following language:   "The length, depth, position and character of the wound is not made a part of the definition of the offense.   The intent to commit murder is the felonious element, and the overt act in execution of that intent completes the offense."

The second and third assignments of error complain of the failure to instruct the jury that it must find that defendant attempted to wound some person.   On this phase of the case the court charged that in order to convict, the jury must find that the collision which occurred "was intentional on the part of the defendant ...... and that there was an intention in the mind of the defendant to kill one or more of the persons in the other car, or to kill them all, or to kill one or more, with no regard as to what happened to the others, before there can be a con-

viction of an attempt to commit the felonious assault
...... If, however, you believe there was no in-
tention on the part of the defendant, to kill any
of the persons in the car, then he could not be
convicted of an attempt to commit felonious assault.''
It is too plain for argument that an attempt to kill
the occupants of an automobile by intentionally driv-
ing another automobile into it includes an attempt to
wound them. A wound is a hurt sustained as the re-
sult of violence. Under the charge of the court the
jury was required to find an attempt to inflict a bodily
injury upon at least one of the occupants of the prose-
cutor's car before they were at liberty to convict. It
follows that this complaint has no merit.

The next complaint as to the charge is that, although
intention to commit murder is the sole felonious ele-
ment in the offense of assault and battery, as defined
by the 81st section of the Crimes Act of 1860, the
court did not instruct the jury that defendant's in-
tention to commit murder must be established before
he could be convicted of an attempt to commit that
offense; and that nowhere in the charge was the word
''murder'' used in defining the offense. An inspection
of the charge discloses that in the first sentence thereof
the court stated that the indictment charged that de-
fendant made an attack upon the occupants of the
prosecutor's car and wounded them, with the intent
to commit murder. When he came to instruct the jury
as to the law of the case he charged that ''you must
find, in order to convict the defendant of an attempt
to commit felonious assault, that there was an inten-
tion in the mind of the defendant to kill one or more
of the persons in the other car,'' etc. After review-
ing the evidence, he said: ''That is the evidence upon
which the Commonwealth relies and asks you to draw
the inference that there was an intention in the mind
of the defendant to kill one or more of the persons in
the car into which his car ran.'' It is urged with much

force in behalf of the appellant that as "intention to commit murder" includes the element of malice, the distinguishing feature of murder, and "intention to kill" does not necessarily include it, because an intentional killing of another may be done in self-defense or in circumstances which reduce the grade of homicide to voluntary manslaughter, the trial judge fell into error in using the word "kill" instead of the words "commit murder," because the instruction did not require the Commonwealth to establish the element of malice. The argument is plausible, but it loses its force in view of the evidence, which did not in the remotest degree suggest that if death had resulted to one of the occupants of the prosecutor's car his offense would have been of a lower grade than murder. In the circumstances, therefore, the submission of the question whether he intended to kill one of the occupants of the car was equivalent to the submission of the question whether he intended to commit murder. The finding of an intent to kill includes a finding of the element of malice which distinguishes murder from other grades of homicide.

The judgment is affirmed and defendant is directed to appear in the court below at such time as he may there be called to the end that he may be by that court committed for such part of the sentence as had not been complied with at the time this appeal was made a supersedeas.