## Commonwealth v. Garrity

*William F. Illig*, assistant district attorney, for Commonwealth.

*William J. Carney*, for defendant.

ROWLEY, P. J., thirty-fifth judicial district, specially presiding, February 24, 1938.—This matter is before the court upon defendant's motion for a new trial. The sole reason urged in support thereof is that "the verdict of the jury is in contravention of the counts in the indictment."

Three indictments against defendant were tried together. Each indictment contained three counts, viz., assault and battery, aggravated assault and battery, and felonious assault and battery. The indictment at no. 18, May sessions, 1937, charged the offense to have been committed upon Lawrence Rogers; the indictment at no. 19, May sessions, 1937, charged the offense to have been committed upon Paul Beers; and that at no. 20, May sessions,

1937, charged the offense to have been committed upon Earl C. Linninger.

As to each indictment the jury returned a verdict of "guilty of wounding with intent to maim, disfigure and disable."

Defendant contends that the jury acted without legal warrant in returning a verdict for an offense not specifically charged in the indictment.

It must be conceded that there may be a verdict of guilty of a constituent offense included in the one charged. Thus, on an indictment for rape, there may be a conviction of fornication: Commonwealth v. Parker, 146 Pa. 343; Commonwealth v. Bergdoll, 55 Pa. Superior Ct. 186; Commonwealth v. Arner, 149 Pa. 35; Gorman v. Commonwealth, 124 Pa. 536.

See also Sadler's Criminal Procedure (2d ed.), sec. 592.

Therefore, the precise question presented here is whether a charge of felonious assault and battery necessarily includes a "wounding with intent to maim, disfigure or disable."

The offense of felonious assault and battery is defined by section 81 of the Act of March 31, 1860, P. L. 382, as follows:

"If any person shall . . . stab, cut or wound any person, or shall, by any means whatsoever, cause any person bodily injury, dangerous to life, *with intention . . . to commit murder*, such person shall be guilty of felony, and . . . be sentenced to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment, by separate or solitary confinement at labor, not exceeding seven years." (Italics supplied.)

The next section of the same act, viz., section 82, defines the offense of an *attempt* to commit the offense described in section 81. This section provides the same penalty for the attempt although no bodily injury be effected.

Section 83 of the same act provides:

"If any person, unlawfully and maliciously . . . shall stab, cut or wound any person, with *intent*, in any of the cases aforesaid, to *maim, disfigure* or *disable* such person, the person so offending shall be guilty of a felony". (Italics supplied.)

The penalty is a fine not to exceed $500, and imprisonment not exceeding three years.

The section last quoted describes the offense of which the jury convicted defendant. Therefore, the enquiry narrows to this: Does a charge of stabbing, cutting or wounding with an intention to commit murder include a charge of stabbing, cutting or wounding with an intent to maim, disfigure, and disable? We think the question must be answered affirmatively. It is impossible to imagine a wounding with intent to murder lacking an intent to maim, disfigure, or disable.

In Commonwealth v. Berardino, 100 Pa. Superior Ct. 58, the court said: "It is too plain for argument that an attempt to kill . . . includes an attempt to wound".

Apparently defendant is led into difficulty by section 99 of the Act of 1860, which provides in substance that "If upon the trial of any indictment for *felony*, except murder or manslaughter, the indictment shall allege that the defendant did cut, stab or wound any person, and the jury shall be satisfied that the defendant is guilty of the cutting, stabbing or wounding charged in such indictment, but are not satisfied of his guilt of the *felony* charged in such indictment [this felony may be felonious assault and battery as defined by section 81, or the attempt to murder described by section 82, or the wounding with intent to maim, disfigure and disable described in section 83], then, and in every such case, the jury may acquit the defendant of such *felony*, and find him guilty of a *misdemeanor*, in 'unlawfully cutting, stabbing and wounding", to wit, aggravated assault and battery as defined in section 98 of the Act of 1860. (Italics supplied.)

Defendant seems to read the last-quoted section as limiting the verdict to aggravated assault and battery if the

proof fails to establish the intention to murder in the prosecution of a charge of felonious assault and battery. In our opinion, that section authorizes a conviction of misdemeanor upon failure to establish the felony charged, or a constituent felony. Various acts have been passed to govern the procedure where a felony is charged but the proof shows a misdemeanor, and vice versa.

Under the instant indictments the jury would have been warranted in convicting defendant of any one of three felonies, viz., felonious assault and battery, attempting to kill (Commonwealth v. Berardino, supra), or wounding with intent to maim, disfigure, and disable. Furthermore, if the Commonwealth's proof failed to establish either an intent to kill or an intent to maim, disfigure, or disable, the jury was authorized by section 99 of the Act of 1860 to disregard the felonies and convict defendant of a misdemeanor only, viz., aggravated assault and battery.

It seems entirely clear that the purpose of section 99 was not to take from the jury the right to convict for a constituent felony, but rather to extend the right to convict for a constituent offense even where the latter is a misdemeanor notwithstanding that the indictment charges a felony.

In 19 PS p. 171 is this note, referring to section 99, supra:

"This section is new; it is intended to meet the case where a party has been indicted for a felonious assault such as is provided against in the 81st, 82d and 83d sections of this act (sections 2113, 2227, 2228, of Title 18, Crimes and Offenses), and the proofs, while they may fail to sufficiently establish the facts required to constitute the felony are adequate to make out the misdemeanor provided against in the 98th section hereof (section 2112 of Title 18, Crimes and Offenses). Under this section the jury may acquit of a felonious assault, and convict of the misdemeanor. Report on the Penal Code, 27."

Upon a charge of felonious assault and battery the intent to murder is the felonious element: Commonwealth v. Matz et al., 161 Pa. 207.

In the instant case there was evidence that defendant had been drinking heavily. This presented the question of whether he was capable of forming the intent to murder which is the sine qua non of the offense. Accordingly, we instructed the jury that if the intention of murder was lacking, there could be a conviction of wounding with an intent to maim, disfigure, and disable. It may be argued that drunkenness which would negative an intent to murder would likewise negative an intent to maim, disfigure, or disable. In Jones v. Commonwealth, 75 Pa. 403, Mr. Justice Agnew set aside defendant's conviction of murder in the first degree by reason of intoxication, but held that notwithstanding intoxication defendant was guilty of murder in the second degree. 2 Trickett on Criminal Law in Pa. 738 comments upon Jones v. Commonwealth, supra, thus:

"It is difficult, however to perceive why, if the mind may be so affected by alcoholic or other stimulants, as to be incapable of intending to kill, it may not also be incapable of intending great bodily harm, or of realizing that the acts done may result in such harm."

The intent to kill is the element which distinguishes murder of the second degree, it is fully as logical that degree. In murder of the second degree the intent is to wound only. Therefore, if intoxication may negative the specific intent to take life and thus reduce the homicide to murder of the second degree, it is fully as logical that intoxication may negative an intent to kill and thereby reduce a charge of wounding with an intent to kill to wounding with intent to maim, disfigure, or disable.

In Commonwealth ex rel. v. Ashe, Warden, 293 Pa. 322, it was held by implication that an assault with intent to maim, disfigure, or disable was a constituent of felonious assault and battery.

104

The evidence in the instant case was amply sufficient to warrant a conviction of felonious assault and battery. Defendant is fortunate that the jury adopted a more lenient view of his misconduct.

We are clearly of the opinion that the motion for a new trial is without merit.

*Order*

And now, February 24, 1938, this matter was submitted to the court without oral argument, whereupon, after due and careful consideration, it is ordered, adjudged, and decreed that defendant's motion for a new trial be, and hereby the same is, refused.