## Commonwealth v. Gilliam

*J. Duryea*, for Commonwealth.

*Wisler, Pearlstine, Talone & Gerber*, for defendant.

FORREST, J., February 20, 1954.—An information was filed before a justice of the peace charging defendant with violation of section 625 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4625, which reads as follows:

"Whoever discharges, on the streets or alleys, of any city or borough, a flobert rifle, air gun, spring gun, or any implement which impels with force a metal pellet of any kind shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine not exceeding fifty dollars ($50), and in default of the payment of such fine, and costs, shall be sentenced to imprisonment not exceeding thirty (30) days."

After the hearing before the justice of the peace defendant was found guilty and fined. The matter is now before us on certiorari to the justice of the peace. Simultaneously with the bringing of charges under section 625, on the basis of the same evidence, defendant was also charged with pointing and discharging a firearm at one Dabney. He was held for court under this charge and as a result the grand jury indicted him on two bills of indictment. The first bill charged him with violation of section 711 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4711, which makes it a felony to shoot "at *any person* . . . with intent to commit the crime of murder". The second bill charged him with violation of section 716 of the code, 18 PS §4716, reading as follows:

"Whoever playfully or wantonly points or discharges a gun, pistol or other firearm at *any other person*, is guilty of a misdemeanor." (Italics supplied.)

Defendant was acquitted by a jury of the first bill of indictment and was found guilty of the four counts of the second, viz., wantonly pointing firearms, playfully pointing firearms, wantonly discharging firearms, and playfully discharging firearms.

Motions for new trial and in arrest of judgment were filed and argued before the court en banc and were refused. Defending has been sentenced on the said second bill of indictment.

At the hearing before the justice of the peace on the charge of violation of section 625 of the Criminal Code, as well as at the trial on charges brought under section 716 as aforesaid, the gravamen of the charge was that defendant had pointed and discharged a firearm at one Dabney. The material element under section 625 is the discharge of an implement which impels with force a metal pellet of any kind. The material element under section 716 is the pointing and discharging of a firearm. Thus, it is clear that the violation of section 625 under the particular facts of this case has merged with the violation of section 716 for which defendant was found guilty. In Commonwealth v. McCusker et al., 363 Pa. 450, 458, the Supreme Court, quoting from Commonwealth ex rel. Russo v. Ashe, Warden, 293 Pa. 322 (1928), said:

"Though separate counts of an indictment may properly charge the same state of facts as constituting different offenses (citing cases), yet where the distinct crimes set forth grow out of the same transaction, differing only in degree, only one penalty can be imposed after conviction, and separate sentences for each offense charged, directing independent punishments to run consecutively are void as to all except that permissible upon conviction of the more serious charge."

The records of the testimony in both cases are essentially the same. It should be noted that the offense under consideration is a summary conviction charge, thus, the legislature recognized that the other charges were more serious. Accordingly, we will consider this certiorari in the nature of an appeal. The testimony before the justice of the peace and the trial judge will be considered as though it were given at the hearing of the appeal, in which case defendant would have been discharged for the reasons set forth above.

And now, February 20, 1954, defendant is found not guilty and is discharged.