519 A.2d 497

**COMMONWEALTH of Pennsylvania**

v.

**Robert P. McCABE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 25, 1986.

Filed Dec. 29, 1986.

Mark Pinnie, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for Com., appellee.

Before WATKINS, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the order of the court below denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551. Appellant contends that the lower court erred in denying his petition because (1) his trial counsel and counsel for his petition to set aside an illegal sentence were ineffective for failing to preserve for review the issue whether he was illegally sentenced for both the offense of assault with intent to kill and the offense of assault with intent to maim because the two convictions arose from a single criminal act and, thus, merge for sentencing purposes; and (2) he did not waive his right to post-conviction relief by filing his PCHA petition ten years after he was sentenced and six years after our Supreme Court affirmed the denial of his petition to set aside an illegal sentence. We agree and, accordingly, vacate the judgment of sentence for assault with intent to maim.

Appellant was found guilty of assault with intent to kill, assault with intent to maim, and conspiracy following a jury trial on June 19, 1973. On December 21, 1973, he was sentenced to three-and-one-half-to-seven years imprisonment for assault with intent to kill, two-and-one-half-to-five years imprisonment for assault with intent to maim, and one-to-two years imprisonment for conspiracy, the sentences to run consecutively. This Court affirmed the judgment of sentence. *Commonwealth v. McCabe*, 229 Pa.Superior Ct. 758, 325 A.2d 641 (1974), and our Supreme Court refused allocatur.

In 1975, appellant, represented by new counsel, filed a "Petition to Set Aside Unlawful Sentence" alleging that his sentences for both assault with intent to kill and assault with intent to maim were illegal because the offenses merged as a matter of law. The trial court denied the petition on the ground that appellant had waived the sentencing issue by failing to present it during post-trial motions. Lower Court Opinion, December 4, 1975 at 3. This Court affirmed with two judges dissenting. *Commonwealth v. McCabe*, 242 Pa.Superior Ct. 413, 364 A.2d 338 (1976) (HOFFMAN, J., dissenting joined by SPAETH, J.). Our Supreme Court affirmed without an opinion. 479 Pa. 273, 388 A.2d 323 (1978). On December 18, 1984, appellant filed the instant petition, which the trial court denied, and this appeal followed.

■ Appellant first contends that both of his former counsel were ineffective for failing to preserve for appeal the issue whether his sentences for assault with intent to kill and assault with intent to maim were illegal because the two offenses merge for sentencing purposes. We agree with appellant's contention. In evaluating the effectiveness of counsel's representation, we must first determine whether the underlying issue has arguable merit. *Commonwealth v. Pierce*, 345 Pa.Superior Ct. 324, 331, 498 A.2d 423, 425 (1985) (en banc), *allocatur granted.* If the claim has merit, the court must determine whether the course chosen by counsel had some reasonable basis aimed toward promoting the client's interests. *Id.* In addition, an appellant must show that counsel's ineffectiveness prejudiced his case. *Id.*, 345 Pa.Superior Ct. at 334, 498 A.2d at 428.

■ Here, the underlying issue is whether the offenses merge for sentencing purposes. A person may not be twice placed in jeopardy for the same offense. Pa. Const. art. 1 § 10. The double jeopardy clause prohibits multiple punishment for a single offense. *Commonwealth v. Williams*, 344 Pa.Superior Ct. 108, 116, 496 A.2d 31, 36 (1985) (en banc) (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). When a single

criminal act constitutes a violation of two distinct statutory provisions it is a single offense for double jeopardy purposes unless one provision requires proof of a fact that the other does not. *Id.* In order to determine whether there has been but one punishable offense, we must examine the elements of the offenses charged and determine whether proof of one offense necessarily proves the other. *Id.* 344 Pa.Superior Ct. at 177–78, 496 A.2d at 36–37.

█ In 1972, when appellant was charged, assault with intent to kill was defined as follows:

> [w]hoever administers, or causes to be administered by another, any poison or other destructive thing or stabs, cuts or wounds any person, or by any means causes any person bodily injury, dangerous to life, with intention to commit murder, is guilty of a felony....

18 P.S. § 4710 (repealed 1972). Assault with intent to maim was defined as follows:

> [w]hoever unlawfully and maliciously, shoots at any person, or, by drawing a trigger or by any other manner attempts to discharge any kind of loaded arms at any person, or stabs, cuts or wounds any person, with intent to maim, disfigure or disable such person is guilty of a felony....

*Id.* § 4712 (repealed 1972). An examination of the two statutes reveals that proof of assault with intent to kill necessarily proves assault with intent to maim. Moreover, in *Commonwealth ex rel. Russo v. Ashe*, 293 Pa. 322, 142 A. 317 (1928), our Supreme Court set aside a sentence for assault with intent to maim because the defendant had been sentenced for assault with intent to kill and the two offenses had arisen from a single act. *Id.*, 293 Pa. at 324–25, 142 A. at 318. There, as here, the crimes arose from the same transaction and differed only in degree. *Id.* Thus, we conclude that appellant should not have been sentenced for both assault with intent to kill and assault with intent to maim. In addition, appellant's former counsel were ineffective for failing to raise this issue because it has merit, trial counsel failed to offer a reasonable basis at the PCHA

hearing for not raising it, and appellant was prejudiced in that he received two punishments for a single punishable offense.

■■■ Appellant also contends that he did not waive his right to raise this issue by waiting until 1984 even though his last appeal was final in 1978. The lower court determined that a lapse of time in filing a PCHA petition is a factor in determining its merits. Lower Court Opinion, April 3, 1983 at 4. While it is true that delay in filing a petition may be a factor in considering the merits of the claims raised in the petition, *see e.g., Commonwealth v. Alexander*, 495 Pa. 26, 36, 432 A.2d 182, 186 (1981); *Commonwealth v. Courts*, 315 Pa.Superior Ct. 108, 134, 461 A.2d 820, 833 (1983), *allocatur denied*, it is not a factor in determining whether or not a court should even consider the claims raised in a first PCHA petition. *See Commonwealth v. Taylor*, 348 Pa.Superior Ct. 256, 260–62, 502 A.2d 195, 197–98 (1985) (court erred in finding claims raised in first PCHA petition barred from consideration by laches or waiver). The PCHA provides that "[a]ny person who desires to obtain relief under the [PCHA] may initiate a post conviction proceeding by filing a petition.... [H]e may file a petition *at any time*." 42 Pa.C.S.A. § 9545(a) (emphasis added). Moreover, our Supreme Court has held that the concept of laches has no place in the criminal law. *Commonwealth v. Doria*, 468 Pa. 534, 542, 364 A.2d 322, 326 (1976) (appellant filed first PCHA petition fourteen years after conviction). Accordingly, appellant's claim is not barred by his delay in raising it.

In response to appellant's contentions, the Commonwealth argues that the doctrine of the law of the case prevents this Court from considering the merits of appellant's petition. This argument is meritless. The issue raised here, whether appellant's former counsel were ineffective, is raised for the first time and, thus, the law of the case has no application.

For the above-stated reasons, we vacate the judgment of sentence for assault with intent to maim and affirm the judgment of sentence for assault with intent to kill.

Judgment of sentence for assault with intent to maim vacated. Judgment of sentence for assault with intent to kill affirmed.