393 A.2d 660

**COMMONWEALTH of Pennsylvania**

v.

**James CARTER, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Charles BOZARTH, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Robert DULANEY, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided Nov. 6, 1978.

Defender Assn. of Phila., Benjamin Lerner, Defender, Elaine DeMasse, Asst. Defender, John W. Packel, Chief, Appeals Div., Philadelphia, for appellants.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Gaele McLaughlin Barthold, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

### OPINION OF THE COURT

ROBERTS, Justice.

In unrelated proceedings, each appellant was indicted for multiple offenses, including burglary, but not including criminal trespass.[1] Each was tried before a court sitting without a jury and each was convicted, inter alia, for the unindicted offense of criminal trespass. Only the convictions for criminal trespass were appealed. The Superior Court upheld each conviction.[2] We granted allowances of appeal.[3] On October 5, 1978, this Court reversed the judgments of sentence and noted that opinions would follow. This opinion is in accordance with that order.[4]

The single issue presented is whether criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(Supp.1978), is a lesser included offense of burglary, 18 Pa.C.S.A. § 3502(a). We hold that it is not. Therefore, we conclude these convictions deprived appellants of the notice and opportunity to defend which are guaranteed by the Federal and Pennsylvania Constitutions.

1. Appellant James Carter was indicted for burglary, attempted theft, possessing instruments of crime generally and criminal conspiracy. Appellant Charles Bozarth was indicted for criminal conspiracy, recklessly endangering another person, terroristic threats, possessing instruments of crime generally and burglary. Appellant Robert Dulaney was indicted for burglary, theft by unlawful taking or disposition, theft by receiving stolen property and criminal conspiracy.

2. *Commonwealth v. Carter*, 236 Pa.Super. 376, 344 A.2d 899 (1975) (plurality opinion, Watkins, P. J., concurred in the result; Hoffman, J., filed a dissenting opinion in which Jacobs and Spaeth, JJ., joined). *Commonwealth v. Bozarth*, 237 Pa.Super. 702, 352 A.2d 65 (1975) (Jacobs, Hoffman and Spaeth, JJ., dissenting). *Commonwealth v. Dulaney*, 238 Pa.Super. 739, 356 A.2d 823 (1976) (Jacobs, Hoffman and Spaeth, JJ., dissenting).

3. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1978).

4. This case was reassigned to the writer on September 29, 1978, for the purpose of preparing an opinion expressing the views of a majority of this Court.

■ Indictment for burglary gives one notice that he is accused of violating the following criminal statute:

"A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter."

18 Pa.C.S.A. § 3502(a). Scienter is not an element of this crime and thus, one defending against a burglary charge would have no reason to establish that (albeit falsely) he believed his presence in a building or occupied structure was privileged or licensed. Yet evidence of such a belief could provide a basis for an acquittal of a charge of criminal trespass. The Crimes Code defines criminal trespass as follows:

"A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or gains entrance by subterfuge or surreptitiously remains in any building or occupied structure, or separately secured or occupied portion thereof."

18 Pa.C.S.A. § 3503(a)(1). Therefore, we agree with the dissenting opinion of Judge Hoffman in *Commonwealth v. Carter* that "the crime of criminal trespass has a scienter requirement not necessary to prove the crime of burglary, and thus cannot be categorized as a lesser included offense." 236 Pa.Super. 376, 385, 344 A.2d 899, 903 (1975) (dissenting opinion joined by Jacobs and Spaeth, JJ.).[5] Cf. *Cook v. State*, 258 Ind. 667, 284 N.E.2d 81, 83 (1972) (malicious trespass not a lesser included offense of second degree burglary).

These convictions for an offense not included in any offense charged and for which there was no indictment

5. We need not, therefore, decide 1) whether under the criminal trespass section of the Crimes Code a second degree felony conviction could stand where one knowingly trespasses, but does not do so by concealment, by subterfuge or other surreptitious entry, and 2) whether, if the indictment were sufficient to support the criminal trespass charge, the case should be remanded for a determination of whether counsel was ineffective for failing to adduce an available defense.

violate due process. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) ("Our prior cases indicate that an indictment is sufficient if it . . . contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend . . . ."), *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). Accord, Pa.Const. art. I, § 9 (right of accused "to demand the nature and cause of the accusation against him."); e. g., *People v. Keatts,* 54 Mich.App. 618, 221 N.W.2d 455, 457 (1974) (conviction for crime not charged and not included in those charged denies due process).

The Pennsylvania Rules of Criminal Procedure embody the same principle. Rule 213(c) provides: "In all court cases tried on an indictment the issues at trial shall be defined by such indictment." Cf. *Commonwealth v. Rosenhoover,* 236 Pa.Super. 339, 342–3, 344 A.2d 562, 563 (1975) (Under Pa.R. Crim.P. 213(b)(5), indictment must set forth substantially the language of the applicable statute, to assure notice of the charges.) This principle must control even where, as here, there is some evidence in each record relevant to the additional element of scienter in criminal trespass. We will not permit the accidental presence of some scienter evidence to cure the denial of due process presented here.

Accordingly, orders of the Superior Court affirming the judgments of sentence of criminal trespass reversed and judgments of sentence vacated.

Former Justice Packel did not participate in the decision of this case.

LARSEN, J., did not participate in the consideration or decision of this case.

MANDERINO, J., joins the Opinion of the Court and filed a concurring opinion.

POMEROY, J., filed a dissenting opinion, in which O'BRIEN, J., joins.

MANDERINO, Justice, concurring.

I join in the majority opinion but would further note that one who is indicted for burglary, 18 Pa.C.S.A. § 3502(a) is not aware that a defense may be necessary as to the other elements contained in the crime of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1) which are different than the elements of burglary. Criminal trespass does not involve breaking and entering, instead, it encompasses subterfuge or surreptitious means of remaining on the premises. A person accused of burglary has no reason to prepare a defense to establish that he did not enter by subterfuge or surreptitiously remain. Therefore, a conviction of criminal trespass under these circumstances denies the accused not only of his right of notice but also of his opportunity to defend.

POMEROY, Justice, dissenting.

To those lower courts and practitioners who had supposed that this Court was willing to be guided by Section 1.07(4) of the American Law Institutes' Model Penal Code [1] in solving the problems presented in the area of lesser included offenses, today's decision will come as a surprise. The majority not only does not refer to the Model Code, but it also fails to provide any other formulation of a test for ascertaining when one offense is to be deemed to be included in another. Because I both disagree with the result here reached and believe that the problem involved deserves a more considered treatment, I am obliged to dissent.

The Court holds, upon a comparison of the language of the two sections of the Crimes Code defining burglary and criminal trespass, that the latter is not a lesser offense of the former, and hence that the appellants, not having been charged with criminal trespass, may not be convicted of that crime. The basis of this conclusion is that in the criminal trespass offense there is a requirement of "scienter"—*i. e.*, knowledge by the trespasser that an entry of a building is

1. Proposed Official Draft, 1962.

unlicensed or unprivileged—an element not present in the offense of burglary.[2]

Appellants' argument seeking the result which the Court reaches is framed in accordance with the Pennsylvania doctrine of merger of offenses, which doctrine has long been used to determine whether one offense includes another.[3] In *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 290 (1941), a case on which appellants heavily rely, this Court reiterated the test for determining when one criminal offense merges into another:

> "The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves another,* as, for example, rape involves fornication, and robbery involves both assault and larceny. . . . When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both.*" 343 Pa. at 104–05, 21 A.2d at 921 (emphasis in original).

See also *Commonwealth v. Sparrow,* 471 Pa. 490, 501–07, 370 A.2d 712 (1977); *Commonwealth v. Hill,* 453 Pa. 349, 310

---

**2.** Appellants also contend that another of the elements of criminal trespass is a surreptitious entry or lingering in the building or structure, which also is not present in the definition of burglary. Although the majority does not address this argument, I find it without merit, as did the entire Superior Court, for the reasons stated in the opinions filed in that court. *See* 236 Pa.Super. at 387, 344 A.2d 899 (plurality opinion); *id.,* 236 Pa.Super. at 383–84, 344 A.2d 899 (dissenting opinion).

**3.** The doctrine of merger was adopted by this Court because the double jeopardy clause of the Pennsylvania constitution has traditionally been applied only to capital offenses. *E. g., Commonwealth v. Baker,* 413 Pa. 105, 196 A.2d 582 (1964). The double jeopardy clause of the United States Constitution, of course, had not yet been applied to the states. *Benton v. Maryland,* 395 U.S. 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). See generally *Commonwealth v. Campana,* 452 Pa. 233, 243–45, 304 A.2d 432, 436–67 (plurality opinion of Roberts, J.); *id.,* 452 Pa. at 269, 304 A.2d at 446 (Pomeroy, J., dissenting), *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

A.2d 88 (1973); *Commonwealth v. Comber,* 374 Pa. 570, 97 A.2d 343 (1953). Without referring to this traditional approach or even citing *Moszczynski,* the majority has, in effect if not explicitly, added a new test: one crime does not "necessarily involve" another unless the elements of the greater offense are set forth in the statute in precisely the same fashion as are the elements of the lesser offense.

Although the majority opinion sets them forth, the relevant sections of the Crimes Code are for convenience repeated here. Section 3502 of the Crimes Code, 18 Pa.C.S. § 3502 (1973), defines burglary as follows:

> "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter."

Criminal trespass is defined in the next succeeding section of the Code, 18 Pa.C.S. § 3503, in the following terms:

> "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or gains entrance by subterfuge or surreptitiously remains in any building or occupied structure, or separately secured or occupied portion thereof."

The dissimilar modes of expression of these similar provisions are the focus of the controversy. The burglary statute provides that one is guilty of burglary if one acts as specified in the statute "*unless . . . the actor is licensed or privileged to enter.*" (Emphasis added.) Criminal trespass, however, specifies that one must enter, *inter alia, "knowing that he is not licensed or privileged to do so.*" (Emphasis added.) Thus it appears that, on the one hand, the legislature has made license or privilege to enter a building an affirmative defense to a burglary charge, and if this element of permission is suggested by the evidence the Commonwealth must prove the absence of that element beyond a reasonable doubt. See, *e. g., Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974); *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974); *Commonwealth v. Cropper,* 463

Pa. 529, 345 A.2d 645 (1975). In a prosecution for criminal trespass, on the other hand, the Commonwealth must show knowledge of the absence of license or privilege to enter as part of its case in chief or suffer an acquittal. Thus the differing burdens of producing evidence in the Commonwealth's case in chief, as distinguished from the burden of persuasion once all the evidence is in,[4] seem to be, for the majority's purposes, dispositive against the idea that criminal trespass is a lesser included offense of burglary. While there may be support in some jurisdictions for this theory,[5] it has not, to my knowledge, been adopted as a hard-and-fast rule in this Commonwealth. In particular, I do not believe that the approach which the majority apparently espouses can be reconciled with the approach that this Court has taken in the area of criminal homicide. An examination of two leading cases dealing with the question of lesser included offenses of murder should make this point clear.

In *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977) (opinion announcing the judgment of the Court) and *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) (plurality opinion), a majority of the Court determined that involuntary manslaughter should be regarded as a lesser included offense of the crime of murder. The lead opinion in *Polimeni*[6] was not grounded on the lesser included offense doctrine as known to the common law in reaching its conclusion, but noted that such a conceptual basis was "arguable." 474 Pa. at 437–39, 378 A.2d at 1193–94. The

4. *See generally* McCormick on Evidence §§ 336–337 (2d ed. E. Cleary et al. 1972); IX J. Wigmore, Evidence §§ 2485–2489 (3d ed. 1940).

5. See in general, D. Koenig, The Many-Headed Hydra of Lesser Included Offenses: A Herculean Task for the Michigan Courts, [1975] Detroit College of Law Review 41; B. George, Lesser Included Offenses in Michigan, [1975] Detroit College of Law Review 35; J. Barnett, The Lesser-Included Offense Doctrine: A Present Day Analysis for Practitioners, 5 Conn.L.Rev. 255 (1972); Note, The Doctrine of Lesser Included Offenses in Kansas, 15 Washburn L. Journal 40 (1976).

6. This opinion, authored by the present writer, was joined by Mr. Chief Justice EAGEN.

lead opinion in *Garcia*,[7] for its part, was of the view that the question should be resolved primarily in light of Section 1.07(4) of the Model Penal Code. 474 Pa. at 460–61, 378 A.2d at 1205. For present purposes the differing points of emphasis in the two opinions, as well as the points of disagreement,[8] are not particularly important. What is important here is that the five subscribers to the two opinions were prepared to be guided by Section 1.07(4) of the Model Penal Code,[9] and that both opinions recognized that the two

7. This opinion, authored by Mr. Justice ROBERTS, was joined by Mr. Justice O'BRIEN and Mr. Justice MANDERINO.

8. The lead opinion in *Garcia* set forth the view that involuntary manslaughter must always be submitted to the jury at the defendant's request in any prosecution for criminal homicide. The opinion in *Polimeni* reserved this issue, because, as in *Garcia*, it was not presented by that case. It was there stated that involuntary manslaughter should be submitted to the jury upon request "at least where evidence is presented at . . . trial on which a verdict of that less serious offense could rationally be based." 474 Pa. at 442, 378 A.2d at 1196 (footnote omitted). This question continues to divide the Court. See generally the opinions in *Commonwealth v. Thomas*, 482 Pa. 292, 393 A.2d 1122 (1978).

9. The opinion in *Polimeni* noted that Section 1.07(4) had not been incorporated in our Crimes Code, but did "not, however, consider this a mark of disapprobation of the Model Code formulation of the doctrine of lesser-included offenses." 474 Pa. at 438 n.6, 378 A.2d at 1193 n.6. The opinion in *Garcia* stated that it was "guided by" Section 1.07(4), 474 Pa. at 460, 378 A.2d at 1205. This apparently reflected the view of Mr. Justice ROBERTS, the author of the *Garcia* opinion, that the Model Code provision was the best available, a view previously expressed as follows:
   "[M]y research has uncovered no Pennsylvania statute, rule, or case [3] which propounds a standard for determining when an of-
   "[3] But cf. *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 106, 21 A.2d 920, 922 (1941) (quoting a legal encyclopedia, apparently with approval)."
   fense is included within a greater offense. The best articulation of such a standard, in my view, is found in section 1.07(4) of the American Law Institute's Model Penal Code: . . . I would adopt section 1.07(4) as the law of Pennsylvania.[6]" *Common-*
   "[6] This Court has not hesitated in the past to look for answers to questions not resolved by our law to the codifications prepared by the American Law Institute. See e. g., *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 611–12 & n.25, 327 A.2d 94, 100 & n.25 (1974), and cases cited therein; . . ."
   *wealth v. Moore*, 463 Pa. 317, 324–25, 344 A.2d 850, 854 (1975) (Roberts, J., concurring) (additional footnotes omitted).

offenses, murder and involuntary manslaughter, while differing in their elements, had in common the essential question of the defendant's state of mind.

Section 1.07(4) of the Model Penal Code provides:

"(4) *Conviction of Included Offense Permitted.* A defendant may be convicted of an offense included in an offense charged in the indictment [or the information]. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission."

The draftsmen of the Model Code describe subsection (a) as providing that "a lesser offense is necessarily included in a charge of the greater if the proof necessary to establish the greater will of necessity establish every element of the lesser offense . . . ." Model Penal Code § 1.08(4), commentary at 40–41 (Tentative Draft No. 5, 1956).[10] The

---

**10.** In my judgment, both subsections (a) and (b), the latter of which is not in issue here, are in accord with Pennsylvania law. As we stated in *Commonwealth v. Sparrow, supra,* 471 Pa. at 503, 370 A.2d at 718–19:

"Our decisions on the doctrine of merger are not altogether harmonious. In general, however, the rule has been limited to situations where the offenses involved were in effect merely degrees of the same principal crime and the same facts proved both. . . . An obvious example [of merger] is that of an attempt to commit an offense, and the completed offense; the former merges into the latter. See also *Commonwealth ex rel. Russo v. Ashe,* 293 Pa. 322, 142 A. 317 [1928] (felonious assault with intent to maim and disfigure, merges into felonious assault with intent to murder); *Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190 (1941) (assault and battery with intent to commit rape and aggravated assault and battery merge into rape); *Commonwealth v.*

opinion in *Garcia* was of the view that this subsection, which is grounded on trial evidence rather than the allocation of the burdens of production of evidence, lent support to its conclusion that involuntary manslaughter was a lesser included offense of murder.[11] This view was expressed notwithstanding that the commentators to the Model Code were careful to point out that "conceptually it cannot be said that upon proof of an intentional killing . . . all of the elements of a negligent killing have necessarily been established." *Id.* at 41. See also *Commonwealth v. Thomas*, 482 Pa. 312, 323–325, 393 A.2d 1122, 1127–1128 (1978) (opinion of POMEROY, J., in support of affirmance).

The majority ignores the importance of the evidentiary question here. It concedes that there was evidence in each of the cases now before us relevant to the scienter element in criminal trespass, but characterizes the presence of this evidence as "accidental." Opinion of the Court, *ante* at 278.[12] It is my view, however, that the presence of scienter

*Nelson*, 452 Pa. 275, 305 A.2d 369 (1973) (assault and battery in resisting arrest merges into assault and battery). These cases bear out the formulation of the doctrine in *Russo, supra*, that 'where the distinct crimes set forth [in an indictment] grow out of the same transaction, differing only in degree, only one penalty can be imposed after conviction.' 293 Pa. at 324, 142 A. at 318." *See also, e. g., Commonwealth v. Comber, supra; Commonwealth v. McCusker*, 363 Pa. 450, 70 A.2d 273 (1950); *Commonwealth ex rel. Moszczynski v. Ashe, supra*.

11.  474 Pa. at 456, 378 A.2d at 1207–08.

12.  Appellants, more candidly, make no argument that the evidence was insufficient to establish presence of scienter beyond a reasonable doubt. A brief review of the evidence in each of these three prosecutions may aid the reader in determining whether the presence of evidence which, if believed, would establish scienter in these cases was "accidental".

The appellant at No. 428, James Carter, was arrested along with a co-defendant inside the sub-cellar of a vacant building in the City of Philadelphia on January 24, 1974. In statements to the police, both Carter and his co-defendant admitted that they entered the building for the purpose of stealing pipes, and the owner of the property testified that neither defendant had permission to enter the building, and that the premises were not, as the defense contended, abandoned.

Charles Bozarth, appellant at No. 501, also was convicted after a non-jury trial of criminal trespass and conspiracy. The evidence at

evidence in these cases was anything but accidental; it was, rather, evidence that was essential to enable the Commonwealth to prevail over a demurrer to the burglary charges. Stated another way, I believe that the allocation of the burdens of production in the two offenses is so similar as to make them functionally equivalent, since the Commonwealth is required in burglary prosecutions to establish a volitional entry into a building as well as an intent to commit a crime therein.[13] It is true that the states of mind to be established (volitional entry vis-a-vis entry with knowledge of lack of license or privilege) are not the same, but neither are the states of mind involved in murder and

Bozarth's trial established that on the early morning hours of May 19, 1974, Bozarth and a co-defendant, one Michael Myers, entered the locked apartment of one Thomas Quinlan while Quinlan was asleep on the couch. Quinlan awoke, reached for a gun which he kept nearby, and demanded that the intruders, whom he recognized, leave. They refused and Bozarth approached Quinlan with what appeared to Quinlan to be a knife. Quinlan shot Bozarth once in the chest, whereupon the intruders ran from the apartment.

The evidence at the trial of Robert Dulaney (appellant at No. 522) which was also without a jury, established that he was observed by a police officer inside a bar in the City of Philadelphia at approximately 4:10 A.M. on September 19, 1974, well after closing time. The officer observed the appellant climb through an opening in the ceiling of the bar. The officer pursued Dulaney and subsequently arrested him on the roof of a nearby building which was connected with that of the bar.

13. Section 302(c) of the Crimes Code, 18 Pa.C.S. § 302(c), provides that "[w]hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto." Thus entry into a building by, for example, one who has been hypnotized cannot be said to constitute burglary, since the actor cannot be said to be "knowingly" entering the building any more than he can be said to be "knowing that he is not licensed or privileged to do so" under the criminal trespass statute. *See also* Section 301(a) of the Crimes Code, 18 Pa.C.S. § 301(a), which provides that "[a] person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or the omission to perform an act of which he is physically capable." It may be objected that one could be found guilty of burglary, but not criminal trespass, upon proof of "recklessly" entering a building, but this difficulty is more apparent than real. *See* 18 Pa.C.S. §§ 302(b)(2), 302(b)(3); *Day v. State*, 532 S.W.2d 302, 305 n. 1 (Tex.Crim.App.1975).

involuntary manslaughter. Yet since in these criminal homicide offenses "the offenses involved were in effect merely degrees of the same principal crime and the same facts proved both." *Commonwealth v. Sparrow, supra*, 471 Pa. at 503, 370 A.2d at 718, voluntary and involuntary manslaughter have been deemed lesser included offenses of murder.[14] Since an entry into a building cannot be punishable as either burglary or criminal trespass unless the entry is shown to be without legal justification, and since it is specious to contend that one who seeks to avoid a burglary conviction would fail to point out a suggestion in the evidence, from whatever source, of the presence of license or privilege, I conclude that the majority's "elements" test does not provide a distinction between criminal trespass and burglary sufficient to prevent the former from being considered a lesser included offense of the latter.

Subsection (c) of the Model Code formulation also clearly supports a finding that criminal trespass is a lesser included offense of burglary, since it "differs . . . only in that a less serious injury or risk of injury to the same . . . property . . . suffices to establish its commission." It is self-evident that the crime of burglary involves a serious threat to the property and perhaps the persons of others because it involves the possibility, if not the likelihood, of the commission of another and perhaps more heinous crime on the property. Criminal trespass, on the other hand, involves a less serious threat to property and little if any threat to persons. The essence of that crime is simply a

14. Voluntary manslaughter, of course, has long been considered a lesser included offense of murder. As a definitional matter, it requires a showing by the Commonwealth of the presence of "a sudden and intense passion resulting from serious provocation," 18 Pa.C.S. § 2503(a), elements which simply are not present in murder. Similarly, one may search the murder statute in vain for mention of the "unlawful act" or "lawful act," the doing of which is integral to involuntary manslaughter. *Compare* 18 Pa.C.S. § 2502 *with* 18 Pa.C.S. § 2504. Since the Commonwealth must show these facts in order to obtain a manslaughter conviction, but need not in order to prove murder, *quaere* how manslaughter of either variety can be said to be a lesser included offense of murder under the majority's rationale.

knowingly unpermitted intrusion into or surreptitious remaining within a building of another. This difference in the degree of seriousness of the two offenses is reflected in the fact that the legislature has designated burglary as a felony of the first degree, whereas criminal trespass is a felony of the second degree. The plurality opinion in *Garcia* took a similar view with respect to criminal homicide:

> "[W]hen malice is based on the disregard of an extremely high risk of death or serious bodily harm involuntary manslaughter is a lesser included offense of murder in two respects. First, a 'less serious . . . risk of injury . . . suffices to establish its commission.' Model Penal Code § 1.07(4). The evidence may persuade the jury that the defendant is guilty of murder in all respects except that the risk disregarded was not extremely high, but that the risk was still unjustified and that therefore the killing constitutes involuntary manslaughter. Second, 'a lesser kind of culpability suffices to establish its commission.' Id. The evidence may persuade the jury that the defendant did not commit murder, because the defendant did not perceive the risk to others, but that the defendant should have perceived the risk to others, and therefore committed involuntary manslaughter." 474 Pa. at 464, 378 A.2d at 1207 (citation omitted).

Although I believe that one need not rely on the Model Code's Section 1.07(4)(c) in order to determine that criminal trespass is a lesser included offense of burglary, I make note of it because it is manifest to me that the plurality rationale in *Garcia* points to a different result than the majority today reaches. In both criminal homicide (Chapter 25 of the Crimes Code) and Chapter 35 of the Crimes Code ("Burglary and Other Criminal Intrusions," in which burglary and criminal trespass are the only offenses), the fundamental question, though phrased in different ways, is the defendant's state of mind. Because I find that the state of mind which must be present in the crime of burglary "necessarily in-

volves"[15] the state of mind encompassed within criminal trespass to an even greater extent than the mental state essential to murder involves that which pertains to involuntary manslaughter, I conclude that the legislature, despite inartful drafting, intended that criminal trespass be regarded as a lesser included offense of burglary.[16]

This conclusion is buttressed by the fact that the legislature expressly stated that it drew in large measure from the Model Penal Code formulations of burglary and criminal trespass in enacting the statutory sections here at issue,[17] which differ substantially from prior law.[18] The drafters of the Model Penal Code, in the commentary to the section of that Code concerning burglary, clearly contemplated that criminal trespass should be treated as a lesser included offense of burglary: "If there is reasonable doubt as to the criminal purpose of the intruder it should be enough to convict him of criminal trespass under Section 211.2." Mod-

**15.** *Commonwealth ex rel. Moszczynski v. Ashe, supra,* 343 Pa. at 104, 21 A.2d at 921 (emphasis deleted).

**16.** I would add that I see no inconsistency between an argument based on Section 1.07(4)(c) and my view expressed in *Commonwealth v. Thomas, supra,* that the *Garcia* rationale is defective. This is because my disagreement with the *Garcia* rationale was based on that opinion's view that evidence in a murder prosecution could *always* be taken by a rational trier of fact to prove nothing more than involuntary manslaughter, an argument that I find quite unpersuasive. See 482 Pa. at 323–325, 393 A.2d at 1127–1128. Two propositions seem to me to be established by the *Polimeni* and *Garcia* opinions: (1) that the same evidence may be interpreted by the fact-finder to establish two somewhat different mental states, and (2) that the difference in these mental states is not thought to be controlling for purposes of determining whether involuntary manslaughter is a lesser included offense of murder. If this be so, then the differing mental states accompanying entry of a building in burglary and criminal trespass (viz., volitional entry as opposed to knowledge of the lack of license or privilege in that entry) should not be controlling, either.

**17.** See Comments, Joint State Government Commission of the General Assembly, to Crimes Code §§ 3502, 3503 (1967), *reprinted in* Toll, Pennsylvania Crimes Code Annotated, at 396, 404 (1974). Compare 18 Pa.C.S. § 3502 with Model Penal Code § 221.1 (Proposed Official Draft, 1962), and 18 Pa.C.S. § 3503 with Model Penal Code § 221.2 (Proposed Official Draft, 1962).

**18.** See Toll, *supra* note 17, at 400, 405.

el Penal Code § 221.1, Commentary at 60 (Tent. Draft No. 11, 1960). Nothing in today's decision persuades me that the General Assembly entertained a different view.[19]

As a strictly practical matter, I suppose that the Court's conclusion that the particular criminal trespass convictions here involved are void[20] does not mean much either to the appellants who are discharged or to the criminal law generally. The General Assembly is free to amend the statutes here involved to meet the majority's objections, and until then prosecutors can easily accommodate the majority's holding by charging for both burglary and criminal trespass if they see fit. My quarrel with today's decision is not so much over the results in these cases as it is over the Court's failure to provide the trial courts and the bar with some consistent guidance in the resolution of these difficult issues. The majority's refusal to distinguish between the apparent basis of today's decision and the basis of our decisions in the criminal homicide field will, I fear, but add further uncertainty to this area of our criminal law. It is this concern that prompts this dissent.

O'BRIEN, J., joins in this dissenting opinion.

**19.** It should be noted that the legislature's modifications of the criminal trespass provisions of the Model Code, *see* note 17, *supra*, lend no aid to the majority's theory. If it were otherwise, then the Model Code's guidelines for the determination of lesser included offenses would have no place in the area of criminal homicide, where the legislature did not adopt other significant parts of the Model Code's formulation. *See generally* Toll, *supra* note 17, at 308–17; Model Penal Code §§ 210.2–210.5 (Proposed Official Draft, 1962).

**20.** Since I believe that criminal trespass is a lesser included offense of burglary, I necessarily reject the majority's argument that the convictions here deprived appellants of due process because they were not informed of this charge in the indictments. It might be mentioned in passing, moreover, that each of the indictments in these cases charged that the defendant "feloniously did enter" a certain building. It thus may be arguable that although they did not spell out scienter, these indictments nonetheless provided appellants with fair notice that they were being charged with something more than mere entry. Cf. *Commonwealth v. Pope*, 455 Pa. 384, 391, 317 A.2d 889 (1974).