J-A08004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ALLEN MOODY, | |
| Appellant | No. 1082 MDA 2014 |

Appeal from the Judgment of Sentence Entered May 19, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002479-2013

BEFORE:  SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 15, 2015**

Appellant, John Allen Moody, appeals from the judgment of sentence entered following his conviction of driving under the influence ("DUI") with a blood alcohol content ("BAC") between .08% and .10%, 75 Pa.C.S. § 3802(a)(2).  We affirm.

We summarize the facts of this case as follows.  On the evening of February 23, 2013, Officer Mark Jackson of the Lower Windsor Township Police Department observed Appellant's truck making a turn without using a turning signal.  Officer Jackson stopped the truck and upon approaching the vehicle, noticed a strong odor of alcohol.  Appellant was the only person in the truck.  Officer Jackson asked Appellant to exit and immediately smelled

---

[*]  Retired Senior Judge assigned to the Superior Court.

alcohol on Appellant's person.  Subsequently, Appellant performed poorly on two field sobriety tests.  Officer Jackson believed that Appellant was intoxicated to a degree that rendered him incapable of safe driving.  Appellant agreed to submit to a chemical blood test at York Hospital.  Thereafter, Officer Jackson received a laboratory report with the results indicating that at the time Appellant's blood was tested, his BAC was .216%.

Based upon the results of the laboratory report, in conjunction with his personal observations, Officer Jackson filed DUI charges against Appellant.  Following a trial on April 1 and 2, 2014, a jury convicted Appellant of DUI under 75 Pa.C.S. § 3802(a)(2) (BAC between .08% and .10%).  On May 19, 2014, the trial court sentenced Appellant to an aggregate term of incarceration of eleven and one-half to twenty-three months, followed by two years of probation.  Appellant filed a timely post-sentence motion, which the trial court denied.  This appeal followed.

> Appellant presents the following issues for our review:
>
> 1. Whether there was insufficient evidence to support the jury's finding of guilt on count 5, DUI blood alcohol concentration (BAC) between .08% and .10%, because the Commonwealth failed to present any evidence that [Appellant's] BAC was between .08% and .10%?
>
> 2. Whether the jury's verdict as to count 5 is against the weight of the evidence when the Commonwealth failed to present any credible evidence to support a finding that [Appellant's] BAC was between .08% and .10%?

Appellant's Brief at 5.

In his first issue, Appellant argues that there was insufficient evidence to support the verdict. Specifically, Appellant contends that the Commonwealth failed to present evidence to establish that his BAC was between .08% and .10%, as required for a conviction under 75 Pa.C.S. § 3802(a)(2). Appellant notes that the forensic toxicologist testified that Appellant's BAC was .216%, and there was no evidence that could reduce his BAC from .216% in order to support the conviction. Upon review, we conclude that this issue lacks merit.

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Duncan***, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Id***. (quoting ***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005)). The Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. ***Id***. In addition, this Court may not substitute its judgment for that of the fact finder, and where the record contains support for the convictions, they may not be disturbed. ***Id***. Lastly, we note that the finder of fact is free to believe some, all, or none of the

- 3 -

evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

The Pennsylvania Crimes Code defines the offense of DUI as follows:

**§ 3802. Driving under influence of alcohol or controlled substance**

**(a) General impairment.—**

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

> (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(b) High rate of alcohol.—** An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(c) Highest rate of alcohol.—** An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802.

Recently, in **Commonwealth v. Houck**, 102 A.3d 443 (Pa. Super. 2014), which is a case procedurally similar to the one presently before us,[1] we summarized the law concerning verdicts of lesser included offenses as follows:

> Established Pennsylvania law states a defendant can be convicted of a crime that was not actually charged when the uncharged offense is a lesser-included offense of the charged crime. **See Commonwealth v. Sims**, 591 Pa. 506, 919 A.2d 931 (2007) (citing **Commonwealth v. Carter**, 482 Pa. 274, 393 A.2d 660 (1978)). "As long as the conviction is for a lesser-included offense, the defendant will have been put on notice of the charges against him and can adequately prepare a defense." **Commonwealth v. Reese**, 725 A.2d 190, 191 (Pa. Super. 1999), *appeal denied*, 559 Pa. 716, 740 A.2d 1146 (1999). At the heart of this issue is whether the defendant had fair notice and an opportunity to present an adequate defense. **Commonwealth v. Pemberth**, 339 Pa. Super. 428, 489 A.2d

---

[1] We set forth the procedural history in **Houck** as follows:

> Instantly, the Commonwealth charged Appellant with one count of DUI under Section 3802(c), plus related summary offenses, and presented evidence that Appellant's Breathalyzer results indicated a BAC of 0.17% within two hours of the traffic stop. At trial, the defense disputed the BAC level by challenging the accuracy of the testing machine because it had not been adjusted for daylight savings time. Counsel sought to characterize the time calibration as suggestive of a malfunction of the testing equipment to call into question the BAC measurement. The court's unopposed jury instructions allowed the jury to decide if the Commonwealth had proved Appellant was DUI and, if so, to select from one of three separate BAC ranges according to the evidence presented at trial. The jury found Appellant guilty of DUI with a BAC between 0.10% and 0.159%, a range consistent with Section 3802(b). Appellant did not object to the verdict when entered.

**Houck**, 102 A.3d at 451-452.

235, 237 (1985). "This end has frequently been achieved in one of two ways: either the Commonwealth will give an accused express notice by charging him with the less culpable offense or it will give him implicit notice through the information where the proven, but uncharged crime is a lesser-included offense of the charged, but unproven, offense." *Id*.

*Houck*, 102 A.3d at 449-450.

The Court in *Houck* then described the various approaches to evaluating lesser-included offenses in Pennsylvania as follows:

There are "three varying approaches" to determine what constitutes a lesser-included offense: the statutory-elements approach, the cognate-pleadings approach, and the evidentiary approach. *Sims*, *supra* at 517, 919 A.2d at 938. The Supreme Court summarized these approaches as follows:

The statutory-elements approach began at common law and is used in the federal courts and in various state courts. Under this approach, the trial court is required to identify the elements of both the greater charge and the lesser charge and determine whether it is possible to commit the greater offense without committing the lesser offense. If it is not possible, then the lesser offense is considered a lesser-included offense of the greater crime.

Pursuant to the cognate-pleading approach, there is no requirement that the greater offense encompass all of the elements of the lesser offense. Rather, it is sufficient that the two offenses have certain elements in common. The focus of this approach is on the pleadings as the trial court must determine whether the allegations in the pleadings charging the greater offense include allegations of all of the elements of the lesser offense. If so, the lesser charge is considered a lesser-included offense of the greater charge. As this approach centers on the pleadings of the case, notice and due process violations are not generally grave concerns.

> Finally, the evidentiary approach looks to the actual evidence established at trial to assess the relationship between the greater and lesser charges. The lesser offense may have elements that are distinct from the greater offense and still be considered a lesser-included offense, as long as the evidence presented at trial to prove the greater offense actually establishes the elements of the lesser offense. Generally, courts adopting this approach require that the same underlying conduct establish the elements of both offenses.

*Sims*, *supra* at 517-518, 919 A.2d at 938. *Sims* held the defendant could be convicted of an "attempt" crime, although the Commonwealth had charged the defendant only with the completed offense, because the attempt crime was a cognate offense of the completed crime. *Id*. at 524, 919 A.2d at 942. *Sims* represents the proposition that a jury can convict a defendant of an **uncharged** lesser-included offense but not of an uncharged greater offense. *Id*. *See*, *e.g.*, *Commonwealth v. Haight*, 50 A.3d 137 (Pa. Super. 2012) (affirming conviction for uncharged Section 3802(b) as cognate offense of charged Section 3802(c), where defense strategy called into question accuracy of blood test results; defense strategy led to conviction under Section 3802(b)); *Commonwealth v. Sinclair*, 897 A.2d 1218, 1222 (Pa. Super. 2006) (ensuring consistency in case law to declare Section 3802(b) as cognate offense of Section 3802(c), where case arose from same facts already known to defendant and offenses involved same basic elements).

*Houck*, 102 A.3d at 450-451 (emphasis in original).

Thereafter, the *Houck* Court set forth the following with regard to Pennsylvania's DUI statute and lesser included offenses:

> In general, Section 3802(c) forbids an individual to drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle. *See* 75 Pa.C.S.A. § 3802(c). As the relevant statute makes clear, Section 3802(c) includes all of the elements

of Section 3802(b), notwithstanding the ranges provided in the two sections, because a BAC of 0.16% necessarily subsumes all lesser BAC ranges as set forth in Section 3802(b) and Section 3802(a)(2). In other words, an individual with a BAC of 0.16% or above will unavoidably have a BAC of at least 0.08% to 0.159%. Applying the three methods of **Sims**, **supra**, under the statutory elements approach to lesser-included offenses, it is not possible to commit a Section 3802(c) offense without committing a Section 3802(b) offense. Under the cognate pleading approach to lesser-included offenses, an allegation of Section 3802(c) includes the elements of Section 3802(b). Finally, under the evidentiary approach to lesser-included offenses, we look to the actual evidence established at trial to assess the relationship between the greater charge and the lesser offense. Although the lesser offense of Section 3[802](b) may call for a BAC range lower than the range in the greater offense of Section 3802(c), Section 3802(b) can still be considered a lesser-included offense, because the evidence at trial to prove the Section 3802(c) offense established the elements of the Section 3802(b) offense. Consistent with courts adopting this approach, here the same underlying conduct established the elements of both offenses. **See Sims**, **supra**. The jury was therefore free to convict [Houck] under Section 3802(b), even where the Commonwealth charged only Section 3802(c), as the record evidence at trial reasonably supported a verdict on the lesser offense of Section 3802(b). **See Haight**, **supra**.

**Houck**, 102 A.3d 452-453. In essence, the Court in **Houck** held that an individual charged with DUI with a BAC above .16% can be found guilty of a lesser-included BAC, such as in this case where the jury convicted Appellant of having a BAC between .08% and .10%, even though that lesser-included crime was never contained in the charging documents.[2] Therefore, the decision in **Houck** is binding precedent upon this Court.

---

[2] We note that in his reply brief filed with this Court, Appellant asserts that the holding in **Houck** is merely *dicta*, and therefore lacks precedential value. *(Footnote Continued Next Page)*

Here, our review of the certified record reflects the Commonwealth presented evidence in the form of blood testing, which established that Appellant had a BAC of .216%. N.T., 4/1-2/14, at 121-149. Accordingly, this evidence was sufficient for the jury to return a verdict of guilty of DUI with a BAC between .08% and .10%. Hence, Appellant's contrary claim lacks merit.

In his second issue, Appellant argues that the verdict was against the weight of the evidence. Appellant argues that the BAC result is unreliable because Appellant's whole blood was tested, the Commonwealth had only the forensic toxicologist testify, and the toxicologist never actually tested Appellant's blood sample. Rather, the toxicologist reviewed the work that other laboratory employees had performed.

_(Footnote Continued)_ ⸻

To support this claim, Appellant relies upon language that Houck "arguably waived for purposes of [the] appeal his claim of error respecting the verdict," **Houck** 102 A.3d at 454, as Houck "did not make a contemporaneous objection to the jury instruction, the verdict sheet, or the verdict." **Id**. We disagree with Appellant's interpretation of the holding in **Houck** as being merely _dicta_ due to this language.

Moreover, to the extent Appellant would have us ignore the holding in **Houck**, we observe that we must follow the decisional law established by our own Court. **Commonwealth v. Santiago**, 980 A.2d 659, 666 n.6 (Pa. Super. 2009). Unless or until **Houck** is overturned by an _en banc_ panel of this Court, or by a decision of the Pennsylvania Supreme Court, it continues to be viable precedent. **Id**.

In **Commonwealth v. Clay**, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Brown**, 648 A.2d at 1189.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of

- 10 -

the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 560 A.2d at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

Our review of the record reflects that the trial court addressed Appellant's challenge to the weight of the evidence and determined that it lacked merit. Specifically, the trial court stated the following with regard to Appellant's challenge to the weight of the evidence supporting his conviction of DUI:

Next, the Appellant asserts that the jury's guilty verdict regarding the DUI, First Tier, is against the weight of the evidence presented during trial. The Court disagrees.

* * *

The Appellant's argument that the verdict is against the weight of the evidence is without merit. At the jury trial, defense counsel posed no objection to the Court reading the jury instructions specifically permitting it to "make a determination as to what [Appellant's] blood-alcohol content was." N.T., Trial 4/1-4/2/14, p. 243. Three BAC ranges were listed on the verdict slip provided to the jury: .08% to .099%, .10% to .159%, and .16% or above. *Id*. "If you do find that the Commonwealth has sustained its burden" the jury instructions continued, "then you'll drop down and make a determination by an X as to what range you find [Appellant's] blood-alcohol content." *Id*.

The jury is the ultimate finder of fact at trial. Although the testimony elicited from the Commonwealth's witness revealed a BAC of .216%, the jury is empowered with the ability to weigh the evidence and testimony and determine what weight to give the testimony of the expert in regard to the BAC. In this case, the jury determined that the expert opinion was sufficient to find the Appellant guilty of driving while his BAC was between .08% and .099%. Therefore, the Court finds that this verdict does not go against the weight of the evidence.

Trial Court Opinion, 8/29/14, at 4-5.

The jury, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant, as was its right. The jury weighed the evidence and concluded Appellant perpetrated the crime of DUI under 75 Pa.C.S. § 3802(a)(2). This determination is not so contrary to the evidence so as to shock one's sense of justice. We decline Appellant's invitation to assume the role of fact finder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in determining

Appellant's weight of the evidence claim lacked merit.  Thus, this claim fails to provide Appellant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015